# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| WILLIAM ESTES, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No: 2:17-cv-58 |
| | ] |
| VANDERPOOL CONSTRUCTION & ROOFING, INC. and BILL VANDERPOOL, | ] |
| | ] |
| Defendants. | ] |

## COMPLAINT

Comes now the Plaintiff, William Estes, by and through counsel and for cause of action, will respectfully show to the Court as follows:

## NATURE OF SUIT

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half his regular rate of pay for all hours worked within a workweek in excess of 40 hours. This is an action under the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime work and liquidated damages that he was deprived of due to Defendants' violations of the Fair Labor Standards Act.

## JURISDICTION and VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, Plaintiff worked in this district for Defendants, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff, William Estes, is a former employee of Vanderpool Construction and Roofing, Inc. and Bill Vanderpool ("Defendants" or "Defendant Employers").

6. Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. Defendant, Vanderpool Construction and Roofing, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. Defendant, Bill Vanderpool, is the owner and acting manager of Vanderpool Construction and Roofing, Inc. who exercises control of the hours worked, manner in which work is performed, and compensation to Plaintiff.

9. Defendant, Bill Vanderpool, as owner and manager, acts directly and/or indirectly in the interest of and on behalf of Defendant, Vanderpool Construction and Roofing, Inc., with regard to Plaintiff.

10. Defendant, Bill Vanderpool, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

11. Defendant Employers comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

12. Defendants have done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

13. Plaintiff was engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of his employ with Defendants.

## FACTUAL ALLEGATIONS

14. Plaintiff is a resident of the State of Tennessee, residing in Hawkins County.

15. Defendant Employers operate a roofing and construction company based in Kingsport, Tennessee.

16. Plaintiff was employed by Defendant Employers from July 2008 until January 17, 2017.

17. Plaintiff's primary duties consisted of estimating roofing jobs as well as performing repairs and other roofing related work.

18. Plaintiff regularly began work each day at 7:00 a.m. working 10 hour shifts at least six days per week, Monday through Saturday.

19. More often than not, Plaintiff was also required to work on Sundays.

20. Defendants required Plaintiff to record his time in and out each day.

21. Plaintiff routinely worked in excess of 40 hours per week.

22. Plaintiff worked an average of at least 60 hours per week.

23. Plaintiff was paid an hourly wage for all work performed.

24. Plaintiff was not paid a predetermined amount by Defendants each week as the amount he received varied based on the number of hours worked that particular week.

25. Defendants paid Plaintiff in two separate checks each week: one check for hours worked Monday through Friday and the second check for hours worked on weekends.

26. Defendants did not pay Plaintiff the required overtime premium pay of one and one-half (1.5) times his regular rate of pay for any hours worked in excess of 40 per workweek during the relevant time period.

27. Defendants have subsequently failed to maintain accurate records of the time Plaintiff spent working.

28. Defendants willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiff.

29. Defendants knew the FLSA was applicable to its employment practices yet still failed to pay proper overtime wages to Plaintiff.

30. Defendants had knowledge Plaintiff was entitled to overtime compensation yet failed to pay him the proper rate for all overtime hours worked.

31. Accordingly, Defendants' pattern or practice of failing to pay Plaintiff in accordance with the FLSA was and is in willful violation of the FLSA.

32. Moreover, Defendants did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

33. Plaintiff hereby re-alleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendants willfully failed to compensate Plaintiff at a rate of one and one-half (1.5) times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendants.

35. Defendants further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 U.S.C. § 216(b).

36. Defendants, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

(1) All amounts of wages, including overtime, that Plaintiff should have received under the Fair Labor Standards Act but for Defendants' willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(2) All reasonable costs, interest and attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) Any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**EMPLOYMENT AND CONSUMER LAW GROUP,**

**/s/ A. RYAN SIMMONS**
**A. RYAN SIMMONS, BPR No. 031456**
**JONATHAN A. STREET, BPR No. 021712**
Attorneys for Plaintiff
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930