# COURT APPROVED SETTLEMENT AGREEMENT

This agreement is entered into by William Mark Estes and Vanderpool Construction and Roofing Inc., and Bill Vanderpool to resolve all claims or disputes which have arisen between the Parties and resulted in Case No.: 2:17-cv-58 filed in the United States District Court for the Eastern District of Tennessee at Greeneville which alleges violations of the minimum wage and overtime requirements of the Fair Labor Standards Act. The Parties acknowledge this agreement is subject to approval by a court of competent jurisdiction as it resolves the assertion of claims arising under the Fair Labor Standards Act of 1938.

After the Complaint in Case No.: 2:17-cv-58 was filed, Defendant Vanderpool Construction and Roofing, Inc. (hereinafter VCRI) filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee On September 12, 2017 (Action No. 17-bk-51489). As a result of VCRI's bankruptcy filing any proceedings against it were stayed pursuant to 11 U.S.C. § 362(a). William Mark Estes (hereinafter Estes) and his Counsel's only source of relief against VCRI is through the bankruptcy proceedings. Estes and his Counsel have been served with a Notice to Creditors which advise them of their rights relative to the bankruptcy action. Estes and his Counsel do hereby agree to forego the pursuit of any claims against VCRI through this action and will pursue any claims in the Bankruptcy Court.

Estes and Vanderpool have investigated the allegations contained in the Complaint and after due consideration of the risks and demands of litigation, do hereby willfully enter into this Settlement Agreement which provides for a fair and reasonable resolution of a bona fide dispute of the following terms.

1.) Vanderpool agrees to pay Estes the total sum of $12,500 which shall be broken down into three payments as described herein:

   a.) The first of which shall be in the amount of three thousand, six hundred twenty-three and 89/100 dollars ($3,623.89) minus all applicable state and federal withholdings for the compromise of any and all claims which Estes may have against Vanderpool for alleged unpaid minimum and/or overtime wages. The sum of three thousand, six hundred twenty-three and 89/100 dollars ($3,623.89) shall be reflected on IRS Tax Form W-2 which shall be issued to Estes.

   b.) The second payment shall be in the amount of three thousand, six hundred twenty-three and 88/100 dollars ($3,623.88) for the compromise of any and all claims which Estes may have against Vanderpool for alleged liquidated damages. The sum of three thousand, six hundred twenty-three and 89/100 dollars ($3,623.88) shall be reflected on IRS Tax Form 1099 which shall be issued to Estes.

   c.) The third payment shall be five thousand, two hundred fifty-two and 23/100 dollars ($5,252.23) for reasonable attorney's fees and expenses incurred for the

Page 1 of 4

representation of Estes in investigation of his claim, the preparation and filing of the Complaint in Case No.: 2:17-cv-58, and the negotiation, preparation, and execution of this Settlement Agreement. Vanderpool shall issue an IRS Form 1099 to The Employment and Consumer Law Group for the amount set forth herein.

Within fourteen (14) calendar days following approval of this Agreement by the Court, Vanderpool shall send the foregoing payments to Estes' attorney, Ryan Simmons, at 525 4th Ave. S., Nashville, TN 37210. Failure to provide the foregoing payments within fourteen (14) calendar days shall constitute a material breach of this Agreement.

2.) Vanderpool has reinstated Estes as an employee of his roofing and construction business to the same title and wage which he received prior to his separation. Vanderpool shall not terminate Estes' employment without just cause.

3.) Estes does hereby acknowledge and agree he shall be responsible for all federal and state taxes which may be owed as a result of the payment of the amounts set forth herein. Furthermore, Estes acknowledges that Vanderpool has not made any statements or representation regarding any potential tax liability which may result from the payment of the sums stated herein. Estes should consult with a certified public account or other tax professional regarding the possibility of any tax implications which may arise from the payment of the amounts set forth herein.

4.) Estes agrees to release Vanderpool as well as his representatives, beneficiaries, heirs, successors, and assigns from any and all claims, demands, or causes of action, whether known or unknown at this time. Estes's release of all claims shall include any which may arise under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act, as well as any claims for wrongful discharge, discrimination, harassment, retaliation, defamation, or infliction of emotional distress. This release shall become effective immediately upon Estes's execution of this agreement and shall be irrevocable.

5.) The Parties acknowledge and agree this settlement is entered into to avoid the cost and uncertainty of continued litigation and shall not be construed as an admission of wrongdoing by either Party.

6.) Estes affirms that he has not sold, transferred, assigned or otherwise encumbered his ownership of any of the claims released herein.

7.) The terms of this agreement shall be binding upon the parties, their representatives, beneficiaries, heirs, successors, and assigns.

8.) The Parties acknowledge they each have been represented and advised by counsel in the negotiation of this settlement and the preparation of this settlement agreement. Furthermore, the Parties acknowledge that each has participated in the drafting of this Settlement Agreement and therefore the interpretation of this Settlement Agreement shall not be construed against either party.

9.) The Parties each have entered into this agreement knowingly, willfully and free of any coercion or duress.

10.) Estes agrees that he will not disparage Vanderpool, nor its officers, agents or employees. Furthermore, Estes will not make any false statements about Vanderpool or any matter relating to his employment with Vanderpool, or his termination from Vanderpool.

11.) The Parties acknowledge this Settlement Agreement is subject to court approval and conditional upon the Court's acceptance of the agreement and dismissal of the Complaint. The Parties shall cooperate in the preparation of the necessary motions for approval of this settlement agreement and dismissal of the Complaint filed in this matter.

12.) Should either of the Parties breach any of the terms of this agreement, the prevailing party in any action to enforce this agreement shall be entitled to recover reasonably attorney's fees and costs.

13.) Any action to concerning the interpretation or enforcement of this agreement shall be brought in a court of competent jurisdiction in the federal and/or state courts in Sullivan County, Tennessee.

_William Mark Estes_ (signature)
William Mark Estes

Bill Vanderpool

By:_____

Title:_____

5-4-2018
Date

Date

9.) The Parties each have entered into this agreement knowingly, willfully and free of any coercion or duress.

10.) Estes agrees that he will not disparage Vanderpool, nor its officers, agents or employees. Furthermore, Estes will not make any false statements about Vanderpool or any matter relating to his employment with Vanderpool, or his termination from Vanderpool.

11.) The Parties acknowledge this Settlement Agreement is subject to court approval and conditional upon the Court's acceptance of the agreement and dismissal of the Complaint. The Parties shall cooperate in the preparation of the necessary motions for approval of this settlement agreement and dismissal of the Complaint filed in this matter.

12.) Should either of the Parties breach any of the terms of this agreement, the prevailing party in any action to enforce this agreement shall be entitled to recover reasonably attorney's fees and costs.

13.) Any action to concerning the interpretation or enforcement of this agreement shall be brought in a court of competent jurisdiction in the federal and/or state courts in Sullivan County, Tennessee.

_____  
William Mark Estes

Bill Vanderpool both individually and on behalf of Vanderpool Construction and Roofing, Inc.

_____  
Date

May 7, 2018  
Date

Approved as to form:

A. Ryan Simmons
TN BPR No.: 031456
The Employment and
Consumer Law Group
525 4th Avenue South
Nashville, TN 37210

*Attorney for Plaintiff*

Rodney B. Rowlett, III
TN BPR No.: 030330
Shine & Rowlett, PLLC
433 East Center Street, Ste. 201
Kingsport, TN 37660

*Attorney for Defendant*

Page 4 of 4