UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| WILLIAM ESTES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-58 |
| | ) | |
| VANDERPOOL CONSTRUCTION AND | ) | |
| ROOFING, INC. and BILL VANDERPOOL | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff and Defendant Bill Vanderpool have filed a joint motion seeking Court approval of their proposed settlement of Plaintiff's claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* [Doc. 11]. This matter is before the undersigned pursuant to 28 U.S.C § 636 and by Order of Reference by the District Court referring the joint motion to the undersigned to submit a Report and Recommendation [Doc. 12]. The Court held a telephone conference to address this motion on July 26, 2018. Attorney Austin Simmons was present representing the Plaintiff, and Attorney Rodney Bart Rowlett, II was present representing the Defendants. For the reasons that follow, the undersigned respectfully RECOMMENDS that the settlement be approved and the joint motion [Doc. 11] be GRANTED.

**I.   APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (quoting *Crawford v. Lexington-Fayette Urban County Gov.,* 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)).

1

"The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The first exception is settlement agreements that are supervised by the Department of Labor, and the second exception encompasses instances in which federal district courts approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA.[1] *See Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

As held in *Lynn's Food Stores v. United States*,

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.* at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable

---

[1] Although a circuit split exists as to whether courts must approve proposed FLSA settlements and the Sixth Circuit has yet to rule definitively on the issue, district courts in this circuit routinely find that these settlements require approval by the Department of Labor or a court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1025-26 (W.D. Tenn. 2016); *see also Edwards v. City of Mansfield*, No. 1:15-CV-959, 2016 WL 2853619, at *2-3 (N.D. Ohio May 16, 2016); *Snook v. Valley OB-GYN Clinic, P.C.*, Np. 14-cv-12302, 2015 WL 14400, at *1 (E.D. Mich. Jan. 12, 2015); *Bartlow*, 2012 WL 6707008, at *1.

2

resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In making this determination, courts consider the following:

> that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

*Edwards*, 2016 WL 2853619, at *3. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Finally, a court proceeding over a FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## II. ANALYSIS

The Court has considered counsels' representations on this issue, the parties' filings, and the evidence in the record. Most importantly, the Court has reviewed the Settlement Agreement, along with the record as a whole. In this case, Plaintiff alleged that he worked for Vanderpool Construction and Roofing, Inc. ("Vanderpool Construction") and Bill Vanderpool in excess of 40 hours a week without receiving compensation as required under 29 U.S.C. § 207(a). During the pendency of this lawsuit, Vanderpool Construction filed for Chapter 7 bankruptcy protection,

which stayed any further litigation against them. After Vanderpool Construction filed for bankruptcy protection, Plaintiff and Bill Vanderpool engaged in discovery and negotiated a settlement agreement.

This settlement does not in any way compromise Plaintiff's claim against Vanderpool Construction. Plaintiff may file an adversary proceeding in bankruptcy court if he so chooses. In fact, the proposed settlement only addresses Plaintiff's claim against Bill Vanderpool, individually. The settlement agreement acknowledges the following:

> As a result of [Vanderpool Construction's] bankruptcy filing any proceeding against it were stayed pursuant to 11 U.S.C. § 363(a). [Plaintiff's] and his Counsel's only source of relief against [Vanderpool Construction] is through the bankruptcy proceedings. [Plaintiff] and his Counsel have been served with a Notice to Creditors which advise them of their rights relative to the bankruptcy action. [Plaintiff] and his Counsel do hereby agree to forego the pursuit of any claims against [Vanderpool Construction] through this action and will pursue any claims in the Bankruptcy Court.

[Doc. 11-1, pg. 1]. Vanderpool Construction's bankruptcy does not affect Bill Vanderpool's ability to settle his portion of Plaintiff's FLSA claim.

Based upon this evidence, the Court finds as follows:

1. The parties have actively litigated this dispute, and in the course of the litigation, the parties have participated in discovery;

2. During discovery, the parties determined that Plaintiff had no records to substantiate the hours he claimed he worked and that Bill Vanderpool also had no records that would substantiate the allegations either;

3. In light of the evidence, Plaintiff's counsel represented to the Court that he believes this settlement is fair and reasonable and that Plaintiff wishes the Court to approve it;

4. Plaintiff's counsel further advised the Court that Plaintiff was under no duress, coercion, or threat in making this agreement;

4

5. Plaintiff's claim for back wages are accounted for in the proposed settlement, and the settlement is for substantially more than he would receive if the case were to be dismissed in its entirety or if Bill Vanderpool also filed for bankruptcy protection;

6. As part of the proposed settlement, Plaintiff's attorney's fees are being paid; and

7. Defendant Bill Vanderpool has agreed that the proposed agreement submitted to the Court is fair and reasonable.

Based upon these findings of fact, the Court finds that a bona fide dispute existed as to whether the FLSA is applicable to the Bill Vanderpool, individually, thus calling into question whether Plaintiff has valid claims for back wages. The Court concurs with both parties that the ability to litigate this case successfully is hampered by neither Plaintiff nor Defendant Bill Vanderpool having records that would substantiate the hours claimed. As noted by the parties, this lack of evidence affects the value of the case. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel. Plaintiff's counsel represented to the Court that no threats or coercion occurred in order for Plaintiff to agree to this settlement and advised the Court he believes that this is a fair and reasonable settlement and that he wishes it to be approved. Plaintiff's counsel averred that he believes that this settlement was fair and reasonable in light of the potential likelihood that Plaintiff might very well receive nothing if he were not to accept this offer. Defense counsel agreed that this is a fair and reasonable compromise to their bona fide dispute.

Thus, based upon the evidence before it, the Court finds that the parties' settlement is a fair and reasonable compromise of a bona fide dispute, which takes into account each parties' interests, benefits, and rights pursuant to the framework set out in *Lynn's Foods*, 679 F.2d at 1354-55. Accordingly, the Court respectfully RECOMMENDS that the District Court GRANT the parties'

joint motion [Doc. 11] seeking Court approval of their proposed settlement of Plaintiff's claims against Defendant Bill Vanderpool filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* [Doc. 29].[2]

                                                                    Respectfully Submitted,

                                                                     s/Clifton L. Corker
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).